McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 993-8100
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CECILE HAHN,<br><br>                              Plaintiff,<br><br>                 v.<br><br>THE REALREAL, INC. and JULIE WAINWRIGHT,<br><br>                              Defendants. | Civil Action No.<br><br><br>**NOTICE OF REMOVAL** |

To:          Clerk of District Court
             United States District Court
             District of New Jersey
             Martin Luther King, Jr. Building & U.S. Courthouse
             50 Walnut Street
             Newark, New Jersey 07101

On Notice to:    Clerk
                 Superior Court of New Jersey
                 Law Division - Bergen County
                 Bergen County Justice Center
                 10 Main Street
                 Hackensack, New Jersey 07601

   **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants The RealReal, Inc. ("TRR") and Julie Wainwright ("Wainwright") (collectively,

"Defendants"), by their undersigned attorneys, hereby remove this action entitled *Cecile Hahn v.*

*The RealReal, Inc. and Julue Wainwright*, Docket Number: BER-L-1536-18, from the Superior

Court of New Jersey, Law Division, Bergen County, to this Court.  In support of removal,

Defendants state as follows:

1.      Upon information and belief, this action was filed on or about February 28, 2018, in the Superior Court of New Jersey, Law Division, Bergen County.  A Summons and Complaint were first served upon Defendants on March 6, 2018.  Attached hereto as Exhibit A is a true and accurate copy of the Summons and Complaint that were served, together with a Track Assignment Notice, Civil Case Information Sheet, Interrogatories to Defendants, Notice to Produce Documents and Things to Defendants, and Notice to Take Oral Deposition.  The documents attached as Exhibit A constitute all of the process, pleadings, and orders served upon Defendants in this action. There are no pending hearings or motions.

2.      This Notice of Removal is being filed within thirty (30) days of the first service on Defendants of the Summons and Complaint pursuant to 28 U.S.C. 1446(b)(1).

3.      This civil action is one over which this Court has original jurisdiction under 28 U.S.C § 1132(a) and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C § 1441(a), in that it is a suit constituting a dispute between citizens of different states and the matter in controversy exceeds the sum of the value of $75,000, exclusive of interest and costs.

4.      Upon information and belief, Plaintiff is, and at all relevant times has been, a resident and domiciliary of Dumont, New Jersey.  (Compl. ¶ 1).

5.      Defendant TRR is, and at all relevant times has been, a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in San Francisco, California.  Therefore, pursuant to 28 U.S.C § 1132(c)(1), TRR is a citizen of the State of California for purposes of diversity jurisdiction and removal.

6.      Defendant Wainwright is, and at all relevant times has been, a resident of Belvedere, California.

2

7.     Thus, the citizenship of all parties is diverse as defined under 28 U.S.C § 1132(a) in that Defendant TRR is deemed to be a citizen of the State of California and Delaware, Defendant Wainwright is deemed to be a citizen of the State of California, and Plaintiff is deemed to be a citizen of the State of New Jersey.

8.     The Complaint alleged, inter alia, that Defendants unlawfully discriminated against Plaintiff based on her age in violation of the New Jersey law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD").  (Compl. ¶¶ 17-28).

9.     Plaintiff seeks the following relief in the Complaint: compensatory damages, punitive damages, and attorneys' fees.

10.     Although the Complaint does not specify the actual amount of damages Plaintiff seeks, it cannot be disputed that Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs.

11.     Plaintiff's request for damages includes, "back pay, front pay, and emotional distress."  (Compl. ¶¶ 22, 28).  Based on the allegations, and given that Plaintiff's employment was terminated approximately nine months ago in or about June 2017 (Compl. ¶ 5), Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees in excess of $75,000.

12.     Removal jurisdiction, therefore, exists under 28 U.S.C. §§ 1441 (a) and (b).

13.     Venue for removal is proper in the United States District Court for the District of New Jersey because the state-court action was filed in this district.  28 U.S.C. § 1441(a).

14.     A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County and served upon Plaintiff's in accordance with 28 U.S.C. § 1446(d).

15.     By effecting removal of this civil action, Defendants reserve all rights to raise any and all defenses available under the Federal Rules of Civil Procedures, including, but not limited to, Federal Rule of Civil Procedure 12.

16.     By effecting removal of this action, Defendants do not admit any of the allegations made in the Complaint.

**WHEREFORE**, Defendants respectfully submit that this case proceed in the United States District Court for the District of New Jersey as an action timely and properly removed.

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Defendants


By: _____*s/ James E. Patterson*_____

Dated:  March 30, 2018                           James E. Patterson

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
03/06/2018
CT Log Number 532914815

| | |
|---|---|
| **TO:** | Sarah Gomez<br>THE REALREAL, INC.<br>55 Francisco St Ste 600<br>San Francisco, CA 94133-2115 |
| **RE:** | **Process Served in New Jersey** |
| **FOR:** | THE REALREAL, INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CECILE HAHN, Pltf. vs. THE REALREAL, INC. and JULIE WAINWRIGHT, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Notice(s) |
| **COURT/AGENCY:** | Bergen County Superior Court - Law Division, NJ<br>Case # BERL153618 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | NATIONAL REGISTERED AGENTS, INC. OF NJ, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/06/2018 at 13:25 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date of receipt, not counting the day of receipt |
| **ATTORNEY(S) / SENDER(S):** | Paul Castronovo<br>Castronovo & McKinney, LLC<br>71 Maple Avenue<br>Morristown, NJ 07960<br>973-920-7888 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780132297678<br><br>Image SOP<br><br>Email Notification,  Sarah Gomez  sarah.gomez@therealreal.com<br><br>Email Notification,  DANA DUFRANE  DANA.DUFRANE@THEREALREAL.COM |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | NATIONAL REGISTERED AGENTS, INC. OF NJ<br>820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ 08628<br>609-538-1818 |

Page 1 of  1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## SUMMONS

Attorney(s) <u>Paul Castronovo (015651999)</u>

Office Address <u>71 Maple Ave.</u>

Town, State, Zip Code <u>Morristown, NJ 07960</u>

Telephone Number <u>973-920-7888</u>

Attorney(s) for Plaintiff <u>Cecile Hahn</u>

CECILE HAHN

_____

Plaintiff(s)

vs.

THE REALREAL, INC. and

JULIE WAINWRIGHT

Defendant(s)

## Superior Court of New Jersey

Bergen    ▾County

Law     Division

Docket No: BER-L-1536-18

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

<u>Michelle Smith</u>
Clerk of the Superior Court

DATED: <u>03/03/2018</u>

Name of Defendant to Be Served: <u>The RealReal, Inc. (National Registered Agents of NJ, Inc.)</u>

Address of Defendant to Be Served: <u>820 Bear Tavern Road, West Trenton, NJ 08628</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Paul Castronovo (Attorney ID # 015651999)
**CASTRONOVO & McKINNEY, LLC**
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Cecile Hahn

|  |  |
|---|---|
| CECILE HAHN,<br><br>Plaintiff,<br><br>v.<br><br>THE REALREAL, INC. and JULIE WAINWRIGHT,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY<br><br>DOCKET NO:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Cecile Hahn ("Plaintiff"), through her attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendants, The RealReal, Inc. ("Defendant TRR") and Julie Wainwright ("Defendant Wainwright") (collectively, "Defendants"), and alleges as follows:

## FACTS

### A.    Jurisdiction and Venue

1.    Plaintiff resides at 510 Prospect Avenue, Dumont, Bergen County, New Jersey.

2.    Defendant TRR employed Plaintiff at 35 Enterprise Avenue North, Secaucus, New Jersey.

3.    Defendant TRR is a private corporation with its principal place of business located at 55 Francisco Street, San Francisco, California.

4.    Defendant Wainwright is an individual residing at 126 Madrona Avenue, Belvedere, California.

**B.**   **Plaintiff's Employment**

5.      Defendant TRR employed Plaintiff from July 2015 until June 22, 2017.

6.      Defendant TRR hired Plaintiff as a full-time contract recruiter.

7.      In November 2015, Defendant TRR promoted Plaintiff to Human Resources Manager for its Secaucus warehouse.

8.      In February 2016, Defendant TRR gave Plaintiff additional responsibilities to support the Secaucus facility and field sales.

9.      Beth Taska, Senior Vice President of Human Resources for Defendant TRR, informed Plaintiff on June 22, 2017 that Defendant TRR terminated her employment because Plaintiff's position had been eliminated.

10.     Plaintiff was born on November 7, 1969.

11.     Defendant TRR assigned many of Plaintiff's job responsibilities to Brianna Egorow who is approximately 25-30 years old.

**C.**   **CEO Wainwright's Discriminatory Comments**

12.     Defendant Wainwright is Defendant TRR's founder and Chief Executive Officer.

13.     In May or June 2016, Defendant Wainwright told Jean Barbagelata (Vice President of People and Places from approximately May 2015 through July 2017) that Defendant Wainwright did not want Defendant TRR to hire or employ "middle aged frumpy women," especially in "outward facing roles" such as Human Resources.

14.     Defendant Wainwright continued to tell Ms. Barbagelata in that discussion that Defendant Wainwright wanted only "fresh young faces" in "outward facing roles" at Defendant TRR.

2

15.     In this discussion about not wanting to hire or keep "middle aged frumpy women" as employees, Defendant Wainwright identified Plaintiff as an employee who did not fit the image that Defendant TRR wanted to portray because, in her opinion, Plaintiff's clothes were "frumpy" and "don't fit."

16.     Defendant Wainwright has terminated the employment of several employees whom did not directly report to her.

## COUNT I

### LAD – Age Discrimination

17.     Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

18.     At all times, Plaintiff performed her job at a level that met Defendant TRR's legitimate expectations.

19.     Despite Plaintiff's satisfactory job performance, Defendant TRR terminated Plaintiff's employment due to an alleged position elimination.

20.     Defendant TRR's articulated reason for terminating Plaintiff's employment is a pretext for discrimination on the basis of Plaintiff's age that violates the Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*

21.     Defendant TRR's conduct was especially egregious and done with the knowledge or participation of upper-level management, including Defendant Wainwright, among other senior managers.

22.     As a result of Defendant TRR's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, and emotional distress.

3

## COUNT II

### Individual Liability – Defendant Wainwright

23. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

24. Defendant Wainwright served as the founder and Chief Executive Officer of Defendant TRR during the above discrimination against Plaintiff.

25. Defendant Wainwright made, or substantially assisted and/or encouraged, the decision to terminate Plaintiff's employment.

26. Defendant Wainwright's conduct violates the Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* because she deprived Plaintiff of employment due to Plaintiff's age.

27. Defendant Wainwright is individually liable for the unlawful discrimination against Plaintiff in violation of the Law Against Discrimination, N.J.S.A. 10:5-12(e).

28. As a result of Defendant Wainwright's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, and emotional distress.

**WHEREFORE**, Plaintiff seeks judgment against Defendants awarding her compensatory damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

**CASTRONOVO & McKINNEY, LLC**

Dated: February 28, 2018                        By: _____

Paul Castronovo
Attorneys for Plaintiff

4

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

CASTRONOVO & McKINNEY, LLC

Dated: February 28, 2018

By:_____
                Paul Castronovo

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Paul Castronovo as trial counsel in this action.

CASTRONOVO & McKINNEY, LLC

Dated: February 28, 2018

By:_____
                Paul Castronovo

## RULE 4:5-1 CERTIFICATION

I hereby certify that this matter is not the subject of any other pending civil action or arbitration proceeding. I further certify that I know of no other parties who should be joined in this litigation at the present time.

CASTRONOVO & McKINNEY, LLC

Dated: February 28, 2018

By:_____
                Paul Castronovo

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-001536-18**

**Case Caption:** HAHN CECILE  VS THE REALREAL, INC.

**Case Initiation Date:** 02/28/2018

**Attorney Name:** PAUL R. CASTRONOVO

**Firm Name:** CASTRONOVO & MCKINNEY,LLC

**Address:** 71 MAPLE AVE

MORRISTOWN NJ 079600000

**Phone:**

**Name of Party:** PLAINTIFF : Hahn, Cecile

**Name of Defendant's Primary Insurance Company**

**(if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**

**transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

    **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/28/2018
Dated

/s/ PAUL R. CASTRONOVO
Signed

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   FEBRUARY 28, 2018
                    RE:     HAHN CECILE  VS THE REALREAL, INC.
                    DOCKET: BER L -001536 18


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.


    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


    THE PRETRIAL JUDGE ASSIGNED IS:  HON JOHN D. ODWYER


    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       002
AT:  (201) 527-2600.


    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         ATT: PAUL R. CASTRONOVO
                         CASTRONOVO & MCKINNEY,LLC
                         71 MAPLE AVE
                         MORRISTOWN        NJ 07960


ECOURTS

Paul Castronovo (Attorney ID # 015651999)
**CASTRONOVO & McKINNEY, LLC**
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Cecile Hahn

| | |
|---|---|
| CECILE HAHN, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – BERGEN COUNTY |
| Plaintiff, | DOCKET NO:  BER-L-1536-18 |
| v. | Civil Action |
| THE REALREAL, INC. and JULIE WAINWRIGHT, | **INTERROGATORIES TO DEFENDANTS** |
| Defendants. | |

**COUNSEL:**

Plaintiff, through her attorneys, Castronovo & McKinney, LLC, requests Defendants to respond to the following Interrogatories served under R. 4:17.  These Interrogatories place Defendants on additional notice to preserve all documents and electronically-stored information that relate to these Interrogatories.

**CASTRONOVO & McKINNEY, LLC**

Dated: February 28, 2018

By:_____
        Paul Castronovo

## INTERROGATORIES

1.     Identify each person with knowledge of any facts relevant to the allegations in the Complaint and/or any denials or defenses that may be asserted by Defendants; describe in full detail all of the facts about which each person has knowledge.

**RESPONSE**

2.     Identify the name, address, title, qualifications, publications in the last ten years, and terms of compensation of each expert whom Defendants intend to call to testify or expects to testify. Attach all final and draft reports of each expert.

**RESPONSE**

3.     Identify each individual responsible for supervising Plaintiff during her employment by Defendant The RealReal, Inc. As to each such person, identify the time period for which he/she served as Plaintiff's supervisor.

**RESPONSE**

4.     Identify all persons who made the decision, were consulted about, or were involved in any way in the decision to terminate Plaintiff's employment by Defendant The RealReal, Inc.

**RESPONSE**

5.     Does Defendant The RealReal, Inc. assert that a litigation control group exists in this matter? If so, please identify all individuals in that group and explain their relationship with Defendant The RealReal, Inc.

**RESPONSE**

6.     Please describe in detail Plaintiff's employment by Defendant The RealReal, Inc, including:

> a)  positions and/or job titles held by Plaintiff;
>
> b)  the dates each position and/or job title was held;
>
> c)  the compensation and benefits Plaintiff received for each such position and/or job title;
>
> d)  a description of all job duties Plaintiff was expected to perform in such positions and/or job titles;
>
> e)  Plaintiff's performance each year;
>
> f)  Reason(s) for termination of employment.

**RESPONSE**

7.    Please state whether the defense or liability of any allegation of the Complaint is subject to insurance coverage.  If yes, please attach a copy of such policy/policies.

**RESPONSE**

8.    Please provide all facts that allegedly support Defendants' denials in Defendants' Answer to Plaintiff's Complaint.  If any documents or things exist regarding these denials, please attach a copy of each document, electronically stored information, and/or thing.

**RESPONSE**

9.    Please provide all facts that allegedly support Defendants' affirmative defenses in Defendants' Answer to Plaintiff's Complaint.  If any documents or things exist regarding these affirmative defenses, please attach a copy of each document, electronically stored information, and/or thing.

**RESPONSE**

10.    Set forth with specificity, and in detail, by fact and not by conclusion, without reference to the pleadings, every fact, reason or inference upon which each of the Defendants rely in denying liability on the claims raised in Plaintiff's Complaint.  Please set forth your answer in separate paragraphs that correspond to Plaintiff's Complaint.  If there are any documents, electronically stored information, and/or things that you claim support any denial, attach a copy of each document, electronically stored information, and/or thing.

**RESPONSE**

11.    Did Defendants or anyone on Defendants' behalf rely on any documents, electronically stored information, and/or things to provide responses to these interrogatories?  If so, please attach a copy of each document, electronically stored information, and/or thing.

**RESPONSE**

## <u>CERTIFICATION</u>

These answers are based upon my personal knowledge as well as information supplied by documents and other people.  I certify that the foregoing answers to these Interrogatories are true to the best of my knowledge, information and belief.  I have appended all documents requested.  If any response changes or requires additional information after today, I will promptly supply supplemental responses.

I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: _____        _____

Paul Castronovo (Attorney ID # 015651999)
**CASTRONOVO & McKINNEY, LLC**
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Cecile Hahn

|  |  |
|---|---|
| CECILE HAHN, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY |
| Plaintiff, | DOCKET NO:  BER-L-1536-18 |
| v. | Civil Action |
| THE REALREAL, INC. and JULIE<br>WAINWRIGHT, | **NOTICE TO PRODUCE DOCUMENTS AND<br>THINGS TO DEFENDANTS** |
| Defendants. | |

**COUNSEL:**

Plaintiff, through her attorneys, Castronovo & McKinney, LLC, requests Defendants to respond to the following Notice to Produce under R. 4:18. This Notice places Defendants on additional notice to preserve all documents, computer files, electronic information, and digital materials that relate to this Notice.

**CASTRONOVO & McKINNEY, LLC**

*P l CM*

Dated: February 28, 2018

By:_____
         Paul Castronovo

## NOTICE TO PRODUCE DOCUMENTS AND THINGS

1.      Any and all electronically-stored information maintained by Defendants, including current files, historical files, archival files, back-up files, and legacy computer files, whether in current or historic media or formats, which may relate to any and all claims and defenses.

2.      All documents and/or things (both of which are defined throughout this Notice to Produce as paper, electronically-stored information, notes, correspondence, memoranda, statements, journals, diaries, audio recordings, video recordings, letters, email, and/or other material containing information, in whatever form/media) mentioned, used, and/or related to Defendants' interrogatory answers.

3.      All documents and/or things referring in any way to Plaintiff, including, but not limited to, Plaintiff's employment, Plaintiff's allegations set forth in the Complaint, and/or Defendants' defenses.

4.      All documents and/or things contained in the personnel files of Plaintiff and all other employees working under the same supervisor(s) as Plaintiff, including but not limited to Brianna Egorow.

5.      All documents and/or things that relate or refer to the allegations contained in Plaintiff's Complaint and/or the defenses contained in Defendants' Answer, including but not limited to, Plaintiff's termination of employment and Defendants' alleged reduction-in-force/elimination of Plaintiff's position with Defendant The RealReal, Inc.

6.      All documents or things reflecting any internal communications regarding Plaintiff and/or the allegations and subject matter of the Complaint and/or all defenses by Defendants.

7.      All documents and/or things which evidence, record, or memorialize any communications by or to Defendants (or any of Defendants' agents), and/or Plaintiff at any time that relate to any claim or allegation included in Plaintiff's Complaint and/or Defendants' defenses.

8.      Copies of all employee handbooks, manuals, policies, and/or procedures distributed by Defendants to Plaintiff.

9.      All correspondence between and/or among Defendants and/or Defendants' agents relating to Plaintiff.

10.      All documents and/or things obtained from individuals, or based on statements from individuals, concerning the facts or circumstances that constitute the basis of Plaintiff's claims as they are stated in Plaintiff's Complaint, including any and all documents which might support or refute the allegations contained in Plaintiff's Complaint.

11.      All documents and/or things relating to Plaintiff's performance for Defendants and the performance of any other employees in comparable positions as Plaintiff, including, but not limited to, any and all charts or spreadsheets regarding performance, the performance reviews, and personnel files for any employees in comparable positions, including but not limited to Brianna Egorow.

12.     All documents and/or things relating to Plaintiff's allegations containing any interview of or any notes from discussions with witnesses or potential witnesses that were taken by Defendants or any other person on any Defendants' behalf.

13.     All documents and/or things relating to Defendants' payment of Plaintiff for work performed, including but not limited to all pay stubs and/or performance appraisals.

14.     All documents and/or things which Defendants intend to submit to the court on motion and/or at trial and/or use during depositions for this lawsuit.

15.     All documents and/or things reflecting Defendants' financial condition since January 1, 2016, including any tax returns (with schedules), profit & loss statements, net income statements, cash flow statements, balance sheets, and tax returns.  Include both audited and unaudited documents.

16.     All oral and/or written statements regarding the subject matter of this litigation.

17.     Any and all electronically-stored information in the custody, possession, and/or control of Defendants and any other employee/agent of Defendants, including current files, historical files, archival files, back-up files, and legacy computer files, whether in current or historic media or formats, which may relate to any document and/or thing sought in the preceding sixteen requests.

## CERTIFICATION OF COMPLETENESS

I hereby certify that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and/or information provided by others. I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them.


Dated: _____        _____

Paul Castronovo (Attorney ID # 015651999)
**CASTRONOVO & McKINNEY, LLC**
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Cecile Hahn

|  |  |
|---|---|
| CECILE HAHN,<br><br>Plaintiff,<br><br>v.<br><br>THE REALREAL, INC. and JULIE WAINWRIGHT,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY<br><br>DOCKET NO:  BER-L-1536-18<br><br>Civil Action<br><br>**NOTICE TO TAKE ORAL DEPOSITION** |

COUNSEL:

PLEASE TAKE NOTICE that in accordance with *R.* 4:14 of the New Jersey Court Rules, the witnesses identified below shall appear at Castronovo & McKinney, LLC, 71 Maple Avenue, Morristown, New Jersey to give testimony by deposition upon oral examination by Plaintiff with respect to all matters relevant to the subject matter of this action before an officer duly authorized to administer oaths beginning on the dates and times identified below and continue day to day thereafter until completed:

- Beth Taska on May 7, 2018 at 10:00 AM;

- Julie Wainwright on May 8, 2018 at 9:00 AM;

- Briana Egorow on May 8, 2018 at 3:00 PM;

**CASTRONOVO & McKINNEY, LLC**

Dated: February 28, 2018

By:_____
             Paul Castronovo